UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-2833-MJ-O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

WILLIAM A. WHITE,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the defendant's: (1) Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21, 7/26/13); (2) Motion for Subpoena Pursuant to Rule 17 (DE # 23, 8/5/13); (3) Supplemental Motion for Return of Seized Property (DE # 25, 8/26/13); (4) Second Supplement to Motion for Return of Property (DE # 28, 8/16/13) and (5) Motion for Subpoena Duces Tecum (DE # 31, 8/28/13). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the (1) Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21, 7/26/13); (2) Motion for Subpoena Pursuant to Rule 17 (DE # 23, 8/5/13); (3) Supplemental Motion for Return of Seized Property (DE # 25, 8/26/13); (4) Second Supplement to Motion for Return of Property (DE # 28, 8/16/13); and (5) Motion for Subpoena Duces Tecum (DE # 31, 8/28/13) are **DENIED** for the reasons stated herein.

The defendant seeks the return of property seized from him on June 8, 2012, in Mexico.[1] The government agreed to return several of the items seized from the

---

[1] The defendant's Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21, 7/26/13) states that the items in question were seized on June 9, 2013. The government states that the items were seized on June 8, 2013. This

defendant. See Government's Response to William A. White's Pro Se Rule 41 Motion for Return of Seized Property (DE# 13 at 1, 11/30/12). The government maintains that the retained items are evidence or may contain evidence relevant to an ongoing criminal investigation in the Middle District of Florida. (DE # 27 at 1, 8/15/13). The government also notes that the retained items are the subject of a search and seizure warrant issued in the Middle District of Florida.

"Rule 41(g) provides a mechanism by which an individual may recover property that the government has taken as evidence." United States v. Guerra, 426 F. App'x 694, 697 (11th Cir. 2011). Rule 41(g) of the Federal Rules of Criminal Procedure states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

The Court may deny a motion for the return of property under FED. R. CRIM. P. 41(g) where the government has provided a legitimate reason to require continued possession of the seized property. United States v. Price, No. 10-60243-CR, 2011 WL 2651802, at *1 (S.D. Fla. Jul. 7, 2011). The Advisory Committee Notes accompanying the 1989 amendments to what is now Rule 41(g) provide that "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property is

---

discrepancy is not material.

generally reasonable. But if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Id. (quoting FED. R. CRIM. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e)).[2] Here the government previously filed the affidavit of FBI Special Agent Michele L. Krempa indicating that the seized items are of evidentiary value to its ongoing investigation of the defendant. (DE # 13-1, 11/30/12).

The undersigned has reviewed the arguments raised by the defendant in his: (1) Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21, 7/26/13); (2) Motion for Subpoena Pursuant to Rule 17 (DE # 23, 8/5/13); (3) Supplemental Motion for Return of Seized Property (DE # 25, 8/26/13); (4) Second Supplement to Motion for Return of Property (DE # 28, 8/16/13) and (5) Motion for Subpoena Duces Tecum (DE # 31, 8/28/13) and is not persuaded by them.

In the defendant's Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21 at 1, 7/26/13), the defendant argues that the government "[h]as indicated it found 'no evidence' related to the case in any of the equipment seized in this District on June 9, 2012 and [the government] does not intend to introduce any of the equipment as evidence." (DE # 21, 07/26/2013). The government maintains that although the seized property will not be used in the Virginia case[3] the property seized is

---

[2] "In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g) with no substantive changes." United States v. Palacios Gonzalez, 372 Fed. App'x 996, 999 n.2 (11th Cir. 2010) (citation omitted).

[3] On or about February 7, 2013, the defendant was indicted in the Western District of Virginia on four counts of making inter-state threats. The government has represented to this Court that the items at issue will not be used as evidence in the Virginia case. (DE # 27 at 5, 8/15/13).

3

still relevant to the ongoing FBI investigation in the Middle District of Florida. In light of the continued investigation of the defendant in the Middle District of Florida, the Court finds that the government has a legitimate interest in the seized property. The government is also in lawful possession of the defendant's items pursuant to a search and seizure warrant issued by the Middle District of Florida. (DE # 27 at 8, 8/15/13). Accordingly the defendant's Motion for Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (DE # 21 at 1, 7/26/13) is **DENIED**.

In the defendant's Motion for Subpoena Pursuant to Rule 17 (DE # 23, 8/5/13), the defendant seeks to subpoena an email "[f]rom FBI Computer Specialist Thronh M. Tran to FBI Agents T. David Church, Michele L. Calaghan, Ellen. L. Foster and Steven Baslar sent July 1, 2013." (DE # 23 at 1, 8/5/13). The defendant claims that he has seen an email that states the government "[h]as exhausted all efforts to penetrate the encrypted computer which is the subject of the Defendant's pending Rule 41 motion and is abandoning the effort. . . ." (DE # 23 at 1, 8/5/13). The government states that the mere presence of the encryption software constitutes evidence in this case. Therefore, the government has a legitimate reason to keep the property in question over the defendant's objections. As such, the defendant's Motion for Subpoena Pursuant to Rule 17 (DE # 23, 8/5/13) is **DENIED**.

In his Supplemental Motion for Return of Seized Property (DE # 25, 8/9/13), the defendant argues that this Court should "[q]uash any warrant and/or order all property seized in this case returned," (DE # 25, 8/9/13) because the Department of Justice "[m]ay have manipulated a mentally ill women [sic] to make false accusations against

the Defendant." (DE # 25, 8/9/13). The defendant provides no legal authority under which this Court can quash a warrant issued by a court in a different district. Even assuming that the Court has this authority, the defendant's conclusory and unsupported statements are insufficient to overcome the law in this Circuit that states "[a]ffidavits supporting warrants are presumptively valid." United States v. Lebowitz, 676 F. 3d 1000, 1010 (11th Cir. 2012) (internal citation omitted). Therefore, the defendant's Supplemental Motion for Return of Seized Property (DE # 25, 8/9/13) is **DENIED**.

The Defendant's Second Supplement to his Motion for the Return of Seized Property Pursuant to Rule 41 (g) (DE # 28, 8/16/13) is **DENIED**. The defendant argues that the U.S. Attorney's office "[h]ad apparently been watching too much television when it took [a witness's] bizarre and fantastic testimony seriously, and order the warrant they obtained quashed and the seized property returned." (DE # 28, 8/16/13). Again, the defendant cites to no legal authority that would allow this Court to quash a search warrant issued by another district. Even assuming the Court had such authority, the defendant's unsubstantiated and conclusory statements do not persuade the undersigned that the defendant is entitled to the relief requested. See Lebowitz, 676 F.3d at 1010.

Finally, the defendant's Motion for Subpoena Duces Tecum (DE # 31, 8/28/13) is **DENIED**. The law requires that "[a]n affidavit, or if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 C.F.R. § 16.23 (C). The defendant's failure to comply with the applicable regulation is fatal to his motion. See United States v. Bizzard, 674 F.2d 1382,1387

(11th Cir. 1982).

DONE AND ORDERED, in Chambers, at Miami, Florida this **7th** day of November, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

Copies mailed by Chambers to:
William A. White
Prisoner ID: 13888-084
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940